UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff,                                 Case No. 20-cr-20559
                                                  Honorable Linda V. Parker

v.

ROBERT CARL GOGOLEWSKI,

       Defendant,
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 7)</u>**

In October 2007, without a plea agreement, 24-year-old Defendant Gogolewski pleaded guilty to receipt and distribution of child pornography. The court in the Eastern District of California sentenced him 1 to 180 months in prison, followed by 20 years of supervised release. A second count, charging Defendant with possession of child pornography was dismissed.

After serving 13 years, Defendant began serving his 20-year supervised release term on October 10, 2019. After transferring this case to the Eastern District of Michigan and only having served 5 years of the supervised release term, Defendant now asks the Court to terminate his

supervised release term. The Government opposes the request. Defendant filed a reply brief.

Pursuant to 28 U.S.C. § 3583, a district court has the discretion to terminate a term of supervised release after the defendant's completion of one year of his or her supervised release term. 18 U.S.C. § 3583(e). The statute instructs that early termination of supervised release should occur only when the defendant's conduct and the interests of justice warrant such action. *Id.* The Sixth Circuit has stated that "[e]arly termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" *United States v. Campbell,* No 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (quoting *United States v. Lussier*, 104 F. 3d 32, 36 (2d Cir.1997)); *United States v. Atkin*, 38 F. App'x 196,198 (6th Cir 2002) (same). It bears noting that the Sixth Circuit recently clarified that "18 U.S.C. § 3583 does not require a court's finding of exceptionally good behavior before a district judge may grant a motion for early termination of supervised release, though such behavior

remains a relevant consideration." *United States v. Hale* – F.4th --, 2025 WL 342341 (6th Cir. Jan. 30, 2025).

The Court is required to consider a subset of sentencing factors set forth in 18 U.S.C. § 3553(a) in its determination as to whether the conduct of the defendant and the interest of justice warrant an early termination.

Defendant contends that his supervised release should be terminated early because he has completed sex offender treatment, went back to school, obtained gainful employment and has passed his polygraph examination.

Looking at the subset of factors set forth in § 3553, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant. Defendant committed a serious crime when he used the internet to distribute material depicting the sexual exploitation of young boys. He admitted to searching for certain images and exchanged some that he received for others that met his preference. As a result, the sexually exploitive material resulted in countless revictimizing of children. Moreover, Defendant circulated over 600

pornographic images throughout several states during a short time frame from March 18, 2006 to April 12, 2006.

The Court further considers the need for the sentence imposed which includes the supervised release term. The term is meant to adequately deter the criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with treatment to address the destructive behavior.

The Court is not convinced that serving a little over five years of the 20-year term of supervised release is sufficient to adequately deter Defendant's conduct or protect the public from further crimes by him. Defendant is complying with the conditions governing his release which is what is expected. *See United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional").

Notably, after considering the § 3553(a) factors, including Defendant's mental health and childhood trauma (physical abuse by his father), the sentencing judge underscored his belief that a lesser term of incarceration, but a greater term of supervised release was needed to

effectuate the purpose of the operative applicable sentencing factors. Both Congress and the Sentencing Commission have also determined that sex offenders require lengthier periods of supervision. This Court, too, sees value in a significant term of supervised release.

The Government notes that, as a result of Defendant's compliance with the conditions of his supervised release term, including completion of sex offender treatment, the probation office expends fewer resources on Defendant while still ensuring that he and others like him do not relapse into viewing or distributing sexually abusive material. The Court attributes such benefits to the term of Defendant's supervised release. *See* Order, *United States v Johnson*, 2:20-cr-20156 (E.D. Mich. June 16, 2023), ECF No. 35 at PageID. 35-43 (Drain, J.) (denying early termination of supervised release where defendant had served 3 years and 5 months of a five year-year term because "continued supervision [was] necessary to deter criminal conduct and the possibility of further crimes").

The Court further notes that Defendant has maintained steady employment and transitioned from being homeless to a homeowner with

a college degree.  He is financially secure.  While the Court encourages Defendant to continue these productive and positive efforts, and believes that this conduct is commendable, it nonetheless concludes that is in the best interest of justice for Defendant to remain on supervised release.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Early Termination of Supervised Release (ECF No. 7) is **DENIED WITHOUT PREJUDICE**.

                                              s/ Linda V. Parker  
                                              LINDA  V. PARKER  
                                              U.S. DISTRICT JUDGE

Dated: February 25, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 25, 2025, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan  
                                              Case Manager